IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 2 6 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JERRY WAYNE JERNIGAN, § | |
| a/k/a HOWARD JERNIGAN, JR., § | |
| TDCJ-CID # 386229, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. H-05-3443 |
| v. § | |
| § | |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Jerry Wayne Jernigan, a/k/a Howard Jernigan, Jr., a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1984 state court conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be **DISMISSED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

According to his petition, petitioner pleaded guilty to burglary of a habitation with intent to commit theft in 1984 under cause number 396234 in the 338th District Court of Harris County, Texas, and was sentenced to twenty-five years incarceration. The conviction was not appealed. According to public records for the Texas Court of Criminal Appeals, petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals in October of 1986. *Ex parte Jernigan*, Application No. 3,954-10. Petitioner states

that he again sought state habeas relief in 2005, which was denied. Public records of the Texas Court of Criminal Appeals reflect that petitioner also unsuccessfully sought state habeas relief in 2002.

His pleadings and earlier habeas proceedings reveal that in June of 1987, he was released on parole under his 1984 conviction, but that parole was revoked in 1999. He was denied credit on his sentence for the twelve years he spent on parole. The denial of time credit was upheld by the state and federal habeas courts. *See Jernigan v. Dretke*, Civil Action No. 9:02-CV-246 (E.D. Tex., September 26, 2002). Petitioner complains in this proceeding that his 1984 guilty plea was involuntary because he was not told that if he were granted but violated parole, he would lose credit for the time spent on parole.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. As noted above, he did not appeal his January 18, 1984 conviction, and the conviction became final thirty days later on or about February 18, 1984. Because the above date preceded the enactment of AEDPA, petitioner had a one-year grace period from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 (5th Cir. 1998).

3

Petitioner states that he did not seek federal habeas relief on the pending issue until the filing of this action in 2005, well-beyond the one-year grace period. This petition is time-barred unless an exception applies.

### B.     Tolling Provisions

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). As limitations expired in 1997, petitioner's state habeas applications filed in 2002 and 2005 were filed after expiration of limitations, and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds are alleged or shown for application of 28 U.S.C. §§ 2244(d)(1)(B) or (C) or any equitable tolling provisions. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period.

### C.     Successive Habeas Petition

Given a liberal construction, the pending petition arguably suggests applicability of 28 U.S.C. § 2244(d)(1)(D). Under that provision, limitation commences from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner's pleadings show he knew in 1999 that credit for the time he spent on parole had been denied. This denial forms the underlying factual basis for his current habeas complaint. Petitioner unsuccessfully challenged this loss

of parole credit in state and federal habeas actions. *See Jernigan v. Dretke*, Civil Action No. 9:02-CV-246 (E.D. Tex., September 26, 2002).

This Court is unable to determine from the available records whether limitations has expired under 28 U.S.C. § 2244(d)(1)(D). However, petitioner did not raise his current habeas ground in the 2002 federal habeas petition, and he presents no reason why the ground could not have been raised at that time. Petitioner does not show that the Fifth Circuit Court of Appeals has authorized the filing of this petition. Arguably, this pending petition constitutes an unauthorized successive federal petition subject to dismissal without prejudice to refiling if proper authorization is obtained from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

### D.  Merits of Claim

Nonetheless, this case will be dismissed with prejudice because petitioner's challenge to the voluntariness of his 1984 guilty plea is without merit. A defendant need only understand the direct consequences of his plea. *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). Eligibility for parole and similar parole-related matters are indirect, not direct, consequences of a guilty plea. *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987). That petitioner was unaware in 1984 that credit for any subsequent parole time might be lost upon revocation of parole raises an indirect or collateral consequence of his guilty plea, does not render his plea involuntary, and does not entitle him to habeas relief.

### III.  CONCLUSION

The petition for habeas relief is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 26 day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE